*40*

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District:<br>Eastern District of Michigan | |
|---|---|---|
| Name (under which you were convicted):<br><br>[David Pearson] | | Docket or Case No.: |
| Place of Confinement:  [Straits Correctional Facility],<br>[4387 W. M-80], [Kincheloe MI 49754 ] | | Prisoner No.: [#289212] |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| **DAVID PEARSON** | v. | **JERI-ANN SHERRY** |
| The Attorney General of the State of Michigan | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:  Third Judicial Circuit Court for The County of Wayne 1441 St. Antoine Boulevard Detroit, MI 48226

   (b) Docket or case number (if you know): LC No. 01-11497-01-FC /Docket No. 246829
2. (a) Date of judgment of conviction (if you know): _____
   (b) Date of sentencing: March ,14 2002
3. Length of sentence: Fifteen (15) to Thirty (30) years , plus Two (2) years ran consecutive.
4. In this case, were you convicted on more than one count or of more than one crime?
   ☒ Yes          ☐ No
5. Identify all crimes of which you were convicted and sentenced in this case:  Second Degree Murder, M.C.L. 750.317 and Felony Firearm, M.C.L. 750.227b.

   Case: 2:07-cv-10780
   Assigned To: Lawson, David M
   Referral Judge: Pepe, Steven D
   Filed: 02-22-2007 At 01:52 PM
   HC PERSON VS SHERRY (LE)

6. (a) What was you plea? (Check one)
   ☐ Not guilty          ☐ Nolo contendere (no contest)
   ☒ Guilty              ☐ Insanity plea
   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,
   what did you plead guilty to and what did you plead not guilty to? _____

(c) If you went to trial, what kind of trial did you have?  (Check one)

    ☒ Jury       ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?

    ☐ Yes       ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes       ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Michigan Court Of Appeals

(b) Docket or case number (if you know): Docket No. 246829

(c) Result: Denied for lack of merit in grounds presented.

(d) Date of result (if you know): April 21, 2003

(e) Citation to the case (if you know):

(f) Grounds raised: APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS DEFENSE ATTORNEY FAILED TO ASSIST HIM IN HIS ATTEMPT TO WITHDRAW HIS PLEA.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:  MISSED DEADLINE TO FILE IN STATE SUPREME COURT

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

    (5) Citation to the case (if you know):

    (6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?

    ☐ Yes       ☒ No

If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications,
    or motions for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules
    concerning this judgment of conviction in any state court?          ☒ Yes          ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: Third Judicial Circuit Court for the County of Wayne

        (2) Docket or case number (if you know): 01-11497-01-FC

        (3) Date of result (if you know): January 13, 2005

        (4) Nature of the proceeding: 6.500 Motion

        (5) Grounds raised: Petitioner Suffered an Actual Absence of Counsel at a Critical Stage in the Proceedings
        When Defense Counsel Failed to Conduct Any Pretrial Consultation, Culminating in an Inability to Withdraw
        His Plea

        (6) Did you receive a hearing where evidence was given on your petition, application, or
            motion?          ☒ Yes          ☐ No

        (7) Result: Denied

        (8) Date of result (if you know): January 13, 2005

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: Third Judicial Circuit Court of Wayne

        (2) Docket or case number (if you know): 01-11497-01-FC

        (3) Date of filing (if you know): N/A

        (4) Nature of the proceeding: Motion For Evidentiary Hearing  People V. Ginther

        (5) Grounds raised: Ineffective Assistance of Counsel (see above).

        (6) Did you receive a hearing where evidence was given on your petition, application, or
        motion?          ☐ Yes          ☒ No

        (7) Result: Denied

        (8) Date of result (if you know): January 13, 2005

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        □ Yes        □ No

(7) Result:_____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on you petition,

application, or motion?

(1)  First petition:        □ Yes        ☒ No

(2)  Second petition:        □ Yes        ☒ No

(3)  Third petition:        □ Yes        □ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

See attached brief._____

_____

_____

12.  For this petition, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four
grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail
to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a

GROUND ONE:  Petitioner Suffered an Actual Absence of Counsel at a Critical Stage in the Proceedings When Defense
Counsel Failed to Conduct Any Pretrial Consultation, Culminating in an Inability to  Withdraw His Plea.
_____

4

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  See attached brief.

(b) If you did not exhaust you state remedies on Ground One, explain why:   See attached brief.

(c)  **Direct Appeal of Ground One:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

    ☐  Yes      ☒  No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d)  **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the

        Michigan Court Rules?      ☒  Yes      ☐  No

    (2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 6.500 Motion and *Ginther* Motion

Name and location of the court where the motion or petition was filed: Wayne County Circuit Court

Docket or case number (if you know): _____

Date of the court's decision:  January 13, 2005

Result (attach a copy of the court's opinion or order, if available):  Denied

    (3)  Did you receive a hearing on your motion or petition?      ☒  Yes      ☐  No

    (4)  Did you appeal from the denial of your motion or petition?      ☒  Yes      ☐  No

    (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    ☐  Yes      ☐  No

    (6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Michigan Court of Appeals

Docket or case number (if you know): 261157

Date of the court's decision:  09/21/05

Result (attach a copy of the court's opinion or order, if available): <u>denial</u>

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b)  If you did not exhaust you state remedies on Ground Two, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
□  Yes        □  No

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?          □  Yes          □  No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

6

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

    ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?

    ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

7

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

(c) **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☐  Yes          ☐  No

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the

Michigan Court Rules?          ☐  Yes          ☐  No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:  _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

(3)  Did you receive a hearing on your motion or petition?

☐  Yes          ☐  No

(4)  Did you appeal from the denial of your motion or petition?

☐  Yes          ☐  No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐  Yes          ☐  No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____

(b) If you did not exhaust you state remedies on Ground Four, explain why: _____

_____
_____

(c) **Direct Appeal of Ground Four:**

(1) If your appealed from the judgment of conviction, did you raise this issue?
□ Yes          □ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?
□ Yes          □ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(3) Did you receive a hearing on your motion or petition?
□ Yes          □ No

(4) Did you appeal from the denial of your motion or petition?
□ Yes          □ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

□ Yes      □ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state

court having jurisdiction?      □ Yes      □ No

If your answer is "No," state which grounds have not been so presented and give your reason(s)

for not presenting them: _____

_____

_____

_____

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If

so, which ground or grounds have not been presented, and state your reasons for not presenting

them: _____

_____

_____

_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the

conviction that you challenge in this petition?      □ Yes      □ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding,

the issues raised, the date of the court's decision, and the result for each petition, application, or

motion filed. Attach a copy of any court opinion or order, if available. _____

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

(15). Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state federal, for the judgment you are challenging?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial:  James Waske, 24566 Southfield Rd., Southfield, MI 48075. _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _Frederick Neumark 5770 S. Main St., Ste. D, Clarkston, MI 48346. _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes        ☒ No

(a)   If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b)   Give the date the other sentence was imposed: _____

(c)   Give the length of the other sentence: _____

(d)   Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes        ☐ No

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

Therefore, petitioner asks that the Court grant the following relief:  Writ of Habeas Corpus under 28 U.S.C. § 2254, than an evidentiary hearing be granted;also any other relief I am entitled to relief as a matter of law.

or any other relief to which petitioner may be entitled.

_____
Signature of attorney (if any)

_____
Address

_____

_____
Telephone number

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

1-31-07 _____(Month, date, year).

Executed (signed) on  1-31-07 _____(date).

_____
Signature of Petitioner - [David Pearson]

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

\* \* \* \* \*

12

# TABLE OF CONTENTS

INDEX TO AUTHORITIES CITED

JURISDICTIONAL STATEMENTS, VENUE, ETC.

STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................................................1

ARGUMENTS:

I.    PETITIONER SUFFERED AN ACTUAL ABSENCE OF COUNSEL AT A CRITICAL STAGE IN THE PROCEEDINGS WHEN DEFENSE COUNSEL FAILED TO CONDUCT ANY PRETRIAL CONSULTATION, CULMINATING IN AN INABILITY TO WITHDRAW HIS PLEA ......................................................................................................2

II.    PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS DEFENSE ATTORNEY FAILED TO ASSIST HIM IN HIS ATTEMPT TO WITHDRAW HIS PLEA THE DECISION TO DENY PETITIONER'S PRE-SENTENCING MOTION TO WITHDRAW HIS PLEA WAS AN ABUSE OF DISCRETION WHICH HAS RESULTED IN A MISCARRIAGE OF JUSTICE.................................................................................................................................9

III.    PETITIONER ARGUES THAT UNEXHAUSTION SHOULD BE EXCUSED................ 15

RELIEF REQUESTED ......................................................................................................18

## INDEX TO AUTHORITIES CITED

**FEDERAL CASES**

*Beasley v. United States*, 491 F2d 687 (CA 6, 1974) ........................................................................8

*Bell   v.   Cone*,   535   US   685   (2002) ..................................................................................................6

*Blackburn v. Foltz*, 828 F2d 1177 ....................................................................................................8

*Bloom v. Calderon*, 132 F3d 1267 (CA 9 1997) ..............................................................................8

*Boykin   v.   Alabama*,   395   US   238;   89   S   Ct   1709;   L   Ed   2d   274   (1969) ....................................................................9

*Brandy v. United States*, 397 US 742, 748; 90 S Ct 1463; 23 L Ed 2d 747 (1979) ....................9, 10

*Brumley   v.   Wingard*,   269   F.3d   629,   637-38   (6th   Cir.2001) ..................................................................3

*Burden v. Zant*, 510 US 132, 126 LEd2d 611, 114 S Ct 654 (1994) ..................................................15

*Caldwell v. Russell*, 181 F3d 731 (6th Cir. 1999) ..............................................................................15

*Cave v. Singletary*, 971 F2d 1513 (CA 11, 1992) ..............................................................................7

*Ceja v. Stewart*, 97 F3d 1246 (9th Cir. 1996) .................................................................................. 15

*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) .................................................................................. 15

*Everett v. Beard*, 290 F.3d 500 (2002) ..............................................................................................3

*Francis S. v. Stone*, 221 F.3d 100 (2d Cir. 2000) ..............................................................................2

*Gideon v. Wainwright*, 372 US 335, 344; 83 S Ct 792; 9 L Ed 2d 799 (1963) ..............................2, 13

*Graves v. Romanowski*, No. 05-70485, at 3 (E.D. Mich 2005) ............................................................ 15

*Green v. White*, 232 F.3d 671, 672 (9th Cir. 2000) ............................................................................3

*Greer   v.   Mitchell*,   264   F.3d   663,   680-681   (6th Cir.2001),   cert den   535   U.S.   940   (2002)

.................12

*Henry v. Scully*, 918 F Supp 693, 715 (SD NY, 1996), *aff'd* 78 F3d 51 (CA 2, 1996) .........................8

*Johnson v. Baldwin*, 114 F3d 835, 839 (CA 9 1997) .........................................................................9

*Johnson v. Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938) .... ......................................9

*Kercheval v. United States*, 274 US 220; 47 S Ct 582; 71 L Ed 1009 (1927) .......................................9

*Lewis v. Alexander*, 11 F3d 1349, 1352 (CA 6, 1993) ......................................................................9

*Marshall v. Hendricks*, 307 F.3d 36, 51 (3d Cir. 2002) ....................................................................3

*McCambridge v. Hall*, 303 F.3d 24, 36 (5th Cir. 2002) ...................................................................3, 4

*McFarland v. Yukins*, 356 F.3d 688, 712-713 (6th Cir. 2004) ...........................................................12

*Morris   v.   Slappy*,   461   US   1   (1983)
...................................................................................................7

*Murray v. Carrier*, 477 U.S. 478 (1986) ......................................................................................12

*North Carolina v. Alford*, 400 US 25, 31; 91 S Ct 160; 27 L Ed 2d 162 (1970) ..................................9

*Nix v. Whiteside*, 477 US 478; 106 S Ct 2639; 91 LEd 2d 397 (1986) .................................................6

*Perry v. Leeke*, 488 US 272 (1989) .............................................................................................5

*Powell v. Alabama*, 287 US 45, 68-69; 53 S Ct 55; 77 L Ed 158 (1932) ................................. 2, 4, 6

*Schoenberger   v.   Russell,   290   F.3d   831,   837   (6th   Cir.   2002)
...................................................................3

*Schlup   v.   Delo,   513   US   298   (1995)
...................................................................................................15

*Strickland v. Washington*, 466 US 668; 105 S Ct 2052; 80 LEd 2d 674 (1984) .............2, 5, 6, 7, 8

*Taylor v. Withrow*, 288 F.3d 846, 850 (6th Cir. 2002) .....................................................................3

*Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000) .................................................................................2

*United States v. Ash*, 413 US 300, 309-310; 93 S Ct 2568; 37 L Ed 2d 619 (1973) ............................3

*United States v. Cronic*, 466 US 648 (1984) ...........................................................................4, 6, 8

*United States v. Span*, 75 F3d at 1390 ...................................................................................................7

*United States v. Tyrone Gray*, 878 F3d 702 (CA 3, 1989), *aff'd after remand* 902 F2d 1562 .........8

*Williams v. Taylor*, 529 U.S. 362, 386 (2000) 28 .....................................................................2-4, 16

*Wilson v. Mintzes*, 761 F2d 275, 280 (CA 6, 1985) ...........................................................................14

*Workman v. Tate*, 957 F2d 1339, 1346 (CA 6, 1992) ..........................................................................7

## FEDERAL STATUTES

U.S. Const. Ams V .................................................................................................................................9

U.S. Const. Ams VI ......................................................................................................................2, 5, 7, 9

U.S. Const. Ams X IV .......................................................................................................................2, 9

28 U.S.C. § 2254(d) ......................................................................................................................... 2

28 U.S.C. § 2254(d)(1) .....................................................................................................................3, 4

28 U.S.C. § 2254(d)(2) ...................................................................................................................2, 3, 4

28 U.S.C. § 2254(e)(1) .........................................................................................................................3

## MICHIGAN CASES & STATUTES, OTHER

*People   v.   Bass*,   88   Mich   App   793,   801-802   (1979) ...............................................................................12

*People v. DeGraffenreid*, 19 Mich App 702 (1969) ............................................................8

*People v. Ginther*, 390 Mich 436, 442-444 (1973) .......................................................8, 12

*People v. Heflin*, 434 Mich 482, 497-49 ...............................................................................16

*People v. Lewis*, 176 Mich App 690, 693-694; 440 NW2d 112 (1989) ...............................................10

*People v. Mack*, 190 Mich App 7, 14 (1991) ........................................................................12

*People v. Moss*, 253 Cal App 2d 248, 251; 61 Cal Rptr 107 (1967) ...............................................13

*People v. Mitchell*, 454 Mich 145, 162-164 (1997) 8, 456 NW2d 10 (1990) ...........................................8

*People v. Pickens*, 446 Mich 298 (1994) ............................................................................6, 9

*People v. Rush*, 104 Mich App 668, 671; 305 NW2d 288 (1981) ...............................................10

*People v. Spencer*, 192 Mich App 146 (1991) ...............................................................10, 11

*People v. Traylor*, 245 Mich App 460, 463 (2001) ...............................................12

*People v. Charles O. Williams*, 386 Mich 565, 574-576; 194 NW2d 337 (1972) ...............................................12

*People v. Wilson*, 43 Mich App 459; 204 NW2d 269 (1972) ...............................................12

*People v. Zaleski*, 375 Mich 71, 79; 133 NW2d 175 (1965) ...............................................10

Michigan Const. of 1963, art 1, §§17, 20 ........................................................................7, 9

MCR 6.310(B) .................................................................................................................10

CJI2d 16.11 ....................................................................................................................16

## STATEMENT OF APPLICABLE STANDARD OF REVIEW

Petitioner states his arguments have been tailored to comport with the newly enacted standard of review in habeas corpus cases under 28 U.S.C. §2254. However, Petitioner maintains that the underlying arguments in support of the instant application for writ of habeas corpus are the same claims that were presented under the same theory to the state courts. Therefore, Petitioner has satisfied the exhaustion requirements that are predicate to this Court's review of his application for a writ of habeas corpus. See *Pilette.v. Foltz*, 824 F2d 494, 496 (CA 6, 1987); *Franklin v. Rose*, 811 F2d 322, 325 (CA 6, 1987). See also petitioner's statement of applicable case law, *infra*.

## VENUE

The proper venue for habeas is either: (1) the district where the petitioner is currently confined, or (2) the district in which the petitioner was convicted. See E.D.M. Local Civil Rule 83.10. The Petitioner was convicted in the Wayne County Circuit Court, in Detroit, Michigan. This falls in the territory of the Eastern District Court. Therefore, the venue is properly before this honorable Court.

## FEDERALIZATION

The Petitioner asserted in the state courts and presently asserts the ineffective assistance of counsel, a right guaranteed by the Sixth Amendment of the United States Constitution. He cited this statute in his Motion for Relief from Judgment, which was denied by the Michigan Court of Appeals. He also cited numerous federal cases in his pleading, including *Strickland v. Washington*, 446 US 668 (1984). Therefore, his pleading is properly federalized.

## EXHAUSTION, AND STATUTE OF LIMITATIONS

The Petitioner concedes that he has not properly exhausted all available state remedies and that his petition is not timely. However, a federal habeas forum may excuse a procedural default if a fundamental miscarriage of justice will otherwise result. *Caldwell v. Russell, 181 F3d 731* (6th Cir. 1999). The Petitioner asserts that this will be the case if the Honorable Court fails to review the Petitioner's claims.

## SECOND OR SUCCESSIVE HABEAS CORPUS PETITION

This petition filed by the Petitioner is his first filing in the Federal Courts.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Petitioner was arrested and charged with Open Murder and Felony Firearm in the Wayne Circuit Court in case Number 01-011497-01. He was assigned Trial Court Judge Sean F. Cox. He pled guilty to Second-Degree Murder and Felony Firearm, at the urging of trial counsel, James Waske.

The Petitioner appealed his case to the Michigan Court of Appeals in Docket number 246829, titled *People of Mi v. David Darnell-Lee Pearson.* The Petitioner was represented by Frederick Neumark on appeal. On/about 02/20/200 his Delayed Application for Leave was filed. On 04/21/2003 an order denying his Delayed Application for Leave as to his direct appeal was issued by the Michigan Court of Appeals.

The Petitioner subsequently appealed his conviction back to the trial court in a Motion for Relief from Judgment. This was denied on January 13, 2005. The Petitioner then sought relief in the Michigan Court of Appeals, COA Case Number 261157, filed on/about 02/25/2005 A Motion for Remand was also filed at this time. On 09/21/05, the Court of Appeals issued an order denying the Petitioner's Delayed Application for Leave.

1

**ISSUE I: PETITIONER SUFFERED AN ACTUAL ABSENCE OF COUNSEL AT A CRITICAL STAGE IN THE PROCEEDINGS WHEN DEFENSE COUNSEL FAILED TO CONDUCT ANY PRETRIAL CONSULTATION WITH HIM TO PREPARE A DEFENSE.**

### STATEMENT OF APPLICABLE CASE LAW

The Sixth Amendment of the United States Constitution guarantees that in "all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense." US Const, Am VI. The Sixth Amendment right to counsel is applicable to the states through the Fourteenth Amendment. The classic case for ineffective assistance of counsel is *Strickland v. Washington*, 466 US 668; 105 S Ct 2052; 80 LEd 2d 674 (1984) (1984), which states that but for the actions of (trial) counsel, there is a reasonable belief that the outcome of proceedings would have been different. Both *Powell v. Alabama*, 287 US 45, 68-69; 53 S Ct 55; 77 L Ed 158 (1932), and *Gideon v. Wainwright*, 372 US 335, 344; 83 S Ct 792; 9 L Ed 2d 799 (1963) should also be consulted herein.

The standard of review for a habeas petition is set forth in 28 U.S.C. § 2254(d). That section provides that the writ may be granted if the state appeal:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2) presents an independent ground permitting the grant of the writ if the state court decision was based on an unreasonable determination of the facts. See *Williams v. Taylor*, 529 U.S. 362, 386 (2000). See also *Green v. White*, 232 F.3d 671, 672 (9th Cir. 2000). 28 U.S.C. § 2254(d)(2) should be read in conjunction with 28 U.S.C. § 2254(e)(1) which allows the presumption

2

of correctness as to state court factual determinations to be dislodged by clear and convincing evidence.

With respect to 28 U.S.C. § 2254(d)(1), the Supreme Court, in *Williams v. Taylor, supra,* clearly denounced the strict "reasonable jurist" test previously utilized by several federal circuits in assessing whether a state court's determination was an unreasonable application of Supreme Court precedent. In section II of Justice O'Connor's opinion (which is the opinion of the Court as to that section), she indicated that determining whether an unreasonable application of clearly established federal law occurred by deciding whether all reasonable jurists would agree is erroneous. While the Court did not provide substantial guidance on the standard of review to be applied by this Court under the Antiterrorism and Effective Death Penalty Act, there can be no doubt that the reasonable jurist test should not be employed.

The *Williams* Court states that the inquiry is simply whether the state court's application of clearly established federal law was objectively unreasonable. Undoubtedly the AEDPA has raised the bar, but how far? The state court's application of clearly established federal law has to be more than incorrect or slightly wrong but not, as *Williams* instructs, so wrong that all jurists would agree. A clearly erroneous standard should be employed in an objective manner. See *Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000). See also, the extensive discussion of the *Williams* decision in *Francis S. v. Stone*, 221 F.3d 100 (2d Cir. 2000). Most cases reviewed in federal habeas actions resolve under the "unreasonable application" clause. An application is unreasonable "if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Marshall v. Hendricks,* 307 F.3d 36, 51 (3d Cir. 2002), citing to *Williams, supra.*

In *McCambridge v. Hall,* 303 F.3d 24, 36 (5th Cir. 2002), the Court found that what is an "unreasonable application" lies along a range. The range moves from too severe (the test is not whether it is *possible* for a competent court to reach the same conclusion) to too lenient (the fact that there was *some* error). The *McCambridge* court's review of *Williams* teaches that the review falls somewhere in the middle of this range.

In *Taylor v. Withrow,* 288 F.3d 846, 850 (6th Cir. 2002) the Court stated:

> Under rules set down in the Antiterrorism and Effective Death Penalty Act of 1996 (the "Antiterrorism Act" or "Act"), a federal court may not grant a writ of habeas to a petitioner in state custody with respect to any claim adjudicated on the merits in state court unless (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1) (1994 & Supp. VII), or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Id. § 2254(d)(2).

> [2] The Act sets a higher hurdle for those seeking habeas than before, but it does not require that the Supreme Court must have previously decided the very case that a lower court has before it. In *Williams v. Taylor,* the Supreme Court warned that "clearly established Federal law, as determined by the Supreme Court" refers to Supreme Court decisions, not those of lower federal courts, and "refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision." 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); see also *Brumley v. Wingard,* 269 F.3d 629, 637-38 (6th Cir.2001). At the same time, clearly established law under the Act encompasses more than just bright-line rules laid down by the Court. It also clearly includes legal principles and standards enunciated in the Court's decisions. *851 As the Court stated, a state court decision makes "an unreasonable application of this Court's precedent" when the court "unreasonably extends a legal principle from our precedent to a new context where it should not apply ..." but, it is important to emphasize, the Court said at the same time that a lower court also errs when it *"unreasonably refuses to extend that principle to a new context where it should apply." Williams,* 529 U.S. at 407, 120 S.Ct. 1495.

Finally, there has been extensive discussion regarding whether the AEDPA should apply at all where the state court does not review the federal constitutional issue. See *Everett v. Beard,* 290 F.3d 500 (2002). See also Judge Keith's concurrence in *Schoenberger v. Russell,* 290 F.3d 831, 837 (6th Cir. 2002).

3

## ARGUMENT

Quoting *United States v. Ash*, 413 US 300, 309-310; 93 S Ct 2568; 37 L Ed 2d 619 (1973),

the intention of the founding fathers in writing the Constitution was clearly defined.

> [T]he core purpose of the [Sixth Amendment] counsel guarantee was to assure "Assistance" at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor. Later developments have led [the courts] to recognize that "Assistance" would be less than meaningful if it were limited to the formal trial itself.

During the sentencing proceedings, the Petitioner vociferously complained of the quality of representation provided by his attorney, James Waske. He informed the court that his responses during the plea colloquy were solely based upon what his attorney "told him to answer." (ST-6.) He was "not even sure if [he was] the person that shot Mr. Anderson" because he was not "the only person shooting." *Id.* Most compelling, however, is the petitioner's unrefuted claim that his attorney did not visit him during the pretrial phases, and therefore, they "haven't really discussed the case." *Id.*

In response to these representation, defense counsel countered that, on "the day before this case was scheduled to go to trial" he spent "an hour and a half with the petitioner. Id., pg 7. Rather than discuss any possible strategy, or defense, counsel merely informed him of the "sentencing policies" of a judge who did not even preside over the case in question. *Id*, pg 8. The attorney did not dispute that he had no earlier consultation with the Petitioner.

The U.S. Supreme Court has held that the accused are entitled to the effective assistance of counsel during the critical stages of the proceedings against him. *U.S. v. Cronic*, 466 US 648 (1984). The Supreme Court has further clearly defined what constitutes the critical stages of criminal proceedings for Sixth Amendment purposes. *In Powell v. Alabama*, *supra* , the Court described the

4

pre-trial period as "perhaps the most critical period of the proceedings . . . that is to say, from the time of arraignment until the beginning of trial, when consultation, thoroughgoing investigation and preparation were vitally important." *Ibid.*

Thus, the Petitioner was deprived of the assistance of counsel for the major portion of the proceedings against him. Counsel did not conduct any pre-trial consultation with him concerning available defenses, possible defense witnesses, or whether or not the Petitioner would testify on his won behalf. The Supreme Court has made it clear that a defendant "has an absolute right to such consultation. . . ." *Perry v. Leeke*, 488 US 272 (1989). The pretrial constitutes a critical period for the purposes of the Sixth Amendment because it encompasses counsel's constitutionally imposed duty to investigate the case. Indeed, the Supreme Court has held that defense counsel has a duty to investigate and the discharge of this duty requires "counsel . . . to made reasonable investigations" *Strickland, supra.*

In the case at hand, the Petitioner testified during the plea colloquy that he was armed with a .380 handgun. (Plea transcript, 9.) The parties stipulated that the decedent had suffered "multiple gunshot wounds." Ibid, pg. 11. The petitioner expressed concern that he may not have fired the shots that struck and killed the decedent, as there were other shooters in the melee. (ST, 6.) There is nothing in the record to indicate that defense counsel undertook an investigation to determine if, in fact, the decedent suffered gunshot wounds that stemmed from a .380 handgun. Notably, the decedent's mother stated during sentencing that "the holed in [her] son's sides were so big . . ." (S/T 5.) This is at least an indication that the wounds were caused by a weapon of larger caliber than a .380, which is not a weapon known for creating massive gunshot wounds in a victim.

If in fact the petitioner was armed with a gun of a different caliber inflicted the mortal wounds

upon the decedent, then he is actually innocent of any degree of murder. Defense counsel interviewed no witnesses in this case. He showed up at the county jail at the eleventh hour and discoursed about the Petitioner appearing before a judge that he was not tried before and then at the dawn of trial hurriedly ushered in a plea bargain.

This case may be distinguished from a case such a *Morris v. Slappy*, 461 US 1, (1983), where the Supreme Court rejected an ineffective assistance of counsel claim where an ill public defender was replaced prior to trial, but had become familiar with all the relevant transcripts and interviewed the accused, *Slappy, supra*. This is a case where defense counsel did not interview the petitioner until the eve of the start of trial, making it impossible to present any meaningful and available defense to a capital charge. By counsel's own admission, the contents of the of that consultation addressed only the matter of what judge the Petitioner was to appear before as opposed to any substantive discussion as to strategies or possible defense witnesses. Thus, as a matter of fact and law, the Petitioner suffered the first of *Cronic's* presumption of prejudice analyses, i.e., where the "accused is denied the presence of counsel at a critical stage." *Bell v. Cone*, 535 US 685 (2002) (quoting *Cronic*). In such cases, there us no provision for harmless-error analysis, as such a violation of the Sixth Amendment is "so likely to prejudice the accused that the cost of litigating their effects in a particular case is unjustified." *Cronic, supra*.

As may be adduced from the record, the entire scope of defense counsel's representation consisted of the alleged one and a half ours that he spent with Appellant on the eve of trial and the twenty-four pages of the combined plea and sentencing transcripts. This hardly meets the paradigm of the Sixth Amendment or the standard of the vast body of case law surrounding this heavily-litigated area.

6

The accused's right to counsel encompasses the right to "effective" assistance of counsel. US Const, Am VI; Michigan Const. of 1963, art 1, § 20; *Powell v. Alabama, supra.* Michigan has long recognized the fundamental nature of the accused's right to be defended by counsel. *People v. Pickens,* 446 Mich 298, 311 (1994). An accused's "right to effective assistance of counsel [is] so undermined that it justifies reversal" of his conviction where "counsel's performance [falls] below an objective standard of reasonableness, and. . .the representation so prejudice[s] the defendant as to deprive him of a fair trial." *Id.* at 302-303. See also *Strickland v. Washington, supra.* In order to establish prejudice, a defendant is **not** required to prove that his trial attorney's conduct **more likely than not** altered the outcome of the case. *Strickland,* 466 US at 693; *Nix v. Whiteside,* 477 US 478; 106 S Ct 2639; 91 LEd 2d 397 (1986); *Workman v. Tate,* 957 F2d 1339, 1346 (CA 6, 1992). Rather, the defendant must show a "reasonable probability" that absent the errors, the outcome may have been different. *Strickland, supra,* 694.

Here, Petitioner alleges that his trial attorney, failed to contact him prior to the day of trial, despite numerous requests, and did not discuss possible trial strategies with him.    Had he communicated with him prior to trial, as a reasonably objective trial attorney would have, he would likely have avoided the following errors:

-    he did not effectively prepare Petitioner or interview other possible defense witnesses, spending only a few minutes on the day of trial.

-    he did not investigate the criminal history of prosecution witnesses for the purpose of impeachment.

-    he did not supply Petitioner with his discovery packet, including police reports, so that he could assist in his defense.

To make a successful claim of ineffective assistance, the defendant must overcome the presumption that counsel's actions were based on reasonable trial strategy. *Strickland, supra.*

7

However, "merely labeling [counsel's] errors 'strategy' does not shield his performance from Sixth Amendment scrutiny." *Henry v. Scully*, 918 F Supp 693, 715 (SD NY, 1996), *aff'd* 78 F3d 51 (CA 2, 1996). See also *Cave v. Singletary*, 971 F2d 1513 (CA 11, 1992); *United States v. Span*, 75 F3d at 1390. Certainly, failing to communicate with the Petitioner until the day of trial or to provide him with material that would permit him to assist in his own defense is not a matter of trial strategy. Counsel's failure to communicate with Petitioner and keep him abreast of his case directly violated what the United States Supreme Court has termed a basic duty: to "consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland*, 688.

Nor is failure to speak with or prepare witnesses in advance of trial a matter of strategy. Failing to reasonably investigate avenues of defense, or to make reasonable decisions that investigation is not necessary, is a traditionally recognized form of constitutionally ineffective assistance. *Lewis v. Alexander*, 11 F3d 1349, 1352 (CA 6, 1993); *Blackburn v. Foltz*, 828 F2d 1177 at 1187. See also *Johnson v. Baldwin*, 114 F3d 835, 839 (CA 9 1997); *United States v. Tyrone Gray*, 878 F3d 702 (CA 3, 1989), *aff'd after remand* 902 F2d 1562. Counsel could not make informed or reasonable decisions about what not to investigate without consulting Petitioner to understand the nature of the events leading to his conviction. Failure to prepare witnesses has also been recognized as a form of ineffective counsel. *Bloom v. Calderon*, 132 F3d 1267 (CA 9 1997).

Prejudice may be presumed in some circumstances. *Cronic, supra*. Petitioner has clearly shown prejudice here where he was denied the opportunity for a fair trial by an impartial jury. Counsel was ineffective and made a serious mistake that denied Petitioner the opportunity for a fair trial. US Const, Ams V, VI, XIV; Michigan Const. of 1963, art 1, §§17, 20; *Strickland v Washington, supra; Beasley v. United States*, 491 F2d 687 (CA 6, 1974); *People v. Pickens, supra; People v.*

8

*DeGraffenreid*, 19 Mich App 702 (1969). Petitioner is entitled to withdraw his plea and proceed to trial.

In *People v. Mitchell*, 454 Mich 145, 162-164 (1997), the Michigan Supreme Court held that because the defendant has the burden of showing that counsel's actions were not consistent with any reasonable trial strategy, a hearing at which defense counsel must be called as witness to explain his or her trial strategy is usually required to verify that counsel's actions were not consistent with reasonable or sound trial strategy. To the extent that further factual development is required, this Court should remand for an evidentiary hearing regarding counsel's, failure to communicate with the Petitioner, failure to interview and prepare witnesses for trial, and failure to raise potentially meritorious issues and defenses requested by Petitioner. See *People v. Ginther*, 390 Mich 436, 442-444 (1973).

**ISSUE II: PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS DEFENSE ATTORNEY FAILED TO ASSIST HIM IN HIS ATTEMPT TO WITHDRAW HIS PLEA THE DECISION TO DENY PETITIONER'S PRE-SENTENCING MOTION TO WITHDRAW HIS PLEA WAS AN ABUSE OF DISCRETION WHICH HAS RESULTED IN A MISCARRIAGE OF JUSTICE.**

At sentencing, Petitioner Pearson moved to withdraw his plea. The trial court denied that (oral) motion, and sentenced Petitioner to 15 to 30 years for Second-degree Murder, and 2 years for Felony Firearm. Petitioner submits that the trial court clearly erred in denying his motion at sentencing to withdraw his plea. A guilty plea is "a grave and solemn act to be accepted only with care and discernment" because "the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial." *Brandy v. United States*, 397

9

US 742, 748; 90 S Ct 1463; 23 L Ed 2d 747 (1979). Since *Kercheval v .United States*, 274 US 220;

47 S Ct 582; 71 L Ed 1009 (1927), the Supreme Court has recognized that "unfairly obtained" guilty

pleas in the federal courts ought to be vacated. In *Boykin v. Alabama*, 395 US 238; 89 S Ct 1709; L

Ed 2d 274 (1969), the Supreme Court recognized that the question of whether a guilty plea, entered

in a state court, is voluntary, knowing and intelligent, involves federal constitutional rights and is

governed by federal standards. For the waiver which a guilty plea represents to be valid under the

Due Process clause, it must be "an intentional relinquishment of a known right or privilege." *Johnson*

*v. Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938).

The test for determining the validity of a guilty plea was summarized in *North Carolina v.*

*Alford*, 400 US 25, 31; 91 S Ct 160; 27 L Ed 2d 162 (1970):

> "The standard was and remains whether the plea represents a voluntary
> and intelligent choice among the alternative courses of action open to
> the defendant."

In *Brandy, supra*, 387 US at 748, the Court said:

> "But the plea is more than an admission of past conduct; it is the
> defendant's consent that judgment of conviction may be entered
> without a trial - a waiver of his right to trial before a jury or a judge.
> Waivers of constitutional rights not only must be voluntary but must
> be knowing, intelligent acts done with sufficient awareness of the
> relevant circumstances and likely consequences. [Footnote omitted] .
> . ."

Before the recent revisions of the court rules, appellate courts reviewed pre-sentencing

motions to withdraw guilty pleas under the standard that the trial court's discretion "should be

exercised with great liberality." *People v. Zaleski*, 375 Mich 71, 79; 133 NW2d 175 (1965); *People*

*v. Spencer,* 192 Mich App 146 (1991). Doubts regarding substantiation of a defendant's reasons for

withdrawal were resolved in the defendant's favor. *People v. Lewis*, 176 Mich App 690, 693-694;

10

440 NW2d 112 (1989); *People v. Rush,* 104 Mich App 668, 671; 305 NW2d 288 (1981).

The change in court rules resulted in a new standard:  before sentencing the trial judge may "in the interest of justice" allow a plea to be withdrawn:

> "(B) Withdrawal Before Sentence. On the defendant's motion or with the defendant's consent, the court in the interest of justice may permit an accepted plea to be withdrawn before sentence is imposed unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea."  MCR 6.310(B)."

In *People v. Spencer, supra,* the Court of Appeals held that the defendant should have been able to withdraw his guilty plea to two counts of manslaughter.  The motion was made prior to sentencing, the defendant said he had a defense to the charges, he gave information that suggested that he may have been relying on erroneous legal advice in deciding to plead guilty, and the prosecutor was unable to demonstrate substantial prejudice in relying on the guilty plea.

The *Spencer* Court said that the defendant must first establish that the withdrawal of the plea is supported by reasons based on the interests of justice. In *Spencer,* the Court took "guidance" as to the meaning of this term of art from the staff commentary to MCR 6.310 which advised that that rule was similar to the relevant ABA Standard which provides that:  "the initial burden is upon the defendant to establish a 'fair and just' reason for withdrawal of the plea". *Spencer, supra,* 192 Mich App at 150.

If a sufficient reason is provided, the burden then shifts to the prosecution to demonstrate substantial prejudice:

> "To constitute substantial prejudice, the prosecution must show that its ability to prosecute is somehow hampered by the delay. This would appear to require more than mere inconvenience in preparing for trial." *Id.* at 151."

In the instant case Petitioner moved to withdraw his plea based the fact that he might be

11

actually innocent of the charges as well as the fact that he had virtually no relationship with trial counsel.        Petitioner's claim that he misunderstood the plea bargain and the sentencing consequences is reasonable, considering the confusion by the trial court, the prosecutor, and the failure of his attorney to adequately represent his clients' interests by making sure the plea agreement was clear and, at the very least, legal.   Trial counsel rendered ineffective assistance by failing to adequately communicate with Petitioner.

Petitioner submits that he has, and the record reflects, more than one "fair and just" reason to support plea withdrawal.   The question then becomes whether the prosecution demonstrated that it would suffer "substantial prejudice" from plea withdrawal.   However, the prosecution completely failed to show that it relied on the plea to its detriment, or that its ability to prosecute was in any way hampered.   The necessity to reconvene witnesses, jurors and/or a judge does not constitute "substantial prejudice."   That is the applicable standard, not "any prejudice" or mere inconvenience. *People v. Spencer*, supra at 151.   Preparing for trial again would be bothersome, but it would not necessarily be prejudicial.   The prejudice contemplated by the rule is that which affects the prosecutor's ability to present its case.   The prosecutor did not claim witnesses or other evidence had become unavailable in the intervening period between Petitioner's plea and his motion to withdraw it.   Every element of the *Spencer* test was satisfied in this case.   This Court should find the trial court reversibly erred in denying Petitioner''s motion to withdraw his plea and remand to allow him to withdraw his plea as he requested.

Furthermore, the trial court erred when it failed to appoint new counsel when Petitioner revealed that trial counsel had failed to meet with him, even absent a motion from Petitioner for the substitution of counsel.   Upon a showing of adequate cause for a change, an indigent defendant is entitled to have his appointed lawyer replaced.   Where there has been a

12

breakdown in the relationship between the defendant and his counsel, successor counsel should be appointed. The trial judge has a duty to inquire into the conflict and to exercise his or her discretion. *People v. Ginther, supra; People v. Bass,* 88 Mich App 793, 801-802 (1979); *People v. Wilson,* 43 Mich App 459; 204 NW2d 269 (1972).

Appointment of a new lawyer is required when there are irreconcilable differences between counsel and the defendant over fundamental trial tactics or using a substantial defense. The need to protect the accused's right to counsel is paramount. *People v. Charles O. Williams,* 386 Mich 565, 574-576; 194 NW2d 337 (1972). "Good cause exists where a legitimate difference of opinion develops ..." People *v Mack,* 190 Mich App 7, 14 (1991).

The filing of a grievance by a defendant against his appointed lawyer does not necessarily require that new counsel be appointed. *People v. Traylor,* 245 Mich App 460, 463 (2001). However, in *People v Charles O. Williams,* 386 Mich 565, 576 (1972), the Michigan Supreme Court found that the trial judge abused his discretion by denying the defendant's good-faith request to substitute counsel when the defendant and his appointed lawyer reached "an irreconcilable difference of opinion." The Supreme Court stated that "there is no evidence in the record before us that this was a delaying tactic, and a great deal of evidence that it was not for purposes of delay." Id., at 577. "[T]he attorney and defendant reached an impasse ... They deemed the difference so fundamental that both advised the judge the attorney should be relieved of the duty to represent defendant." *Id.,* at 573; citations omitted. The Supreme Court quoted with approval from *People v. Moss,* 253 Cal App 2d 248, 251; 61 Cal Rptr 107 (1967):

> We believe the basic right to representation by counsel, made so clear by *Gideon v. Wainwright* [372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963)] encompasses the right to appointment of different counsel when a legitimate difference of opinion develops between a defendant

13

and his appointed counsel ... When this occurs, the defendant is entitled to a reasonable continuance in order to effectuate a change of attorneys and obtain the representation by counsel he is entitled to have under the Constitution [386 Mich at 574].

Furthermore, in *Williams* the Supreme Court found that the trial court had, by attempting to speed the defendant through the proceedings, impermissibly placed docket concerns above those of fairness. The Supreme Court stated: "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." 386 Mich at 575. The *Williams* Court accordingly reversed and remanded for a new trial, holding "that the trial court abused its discretion in denying defendant's counsel's motion to withdraw and in preventing defendant from changing attorneys." *Id.*, at 578.

When a defendant expresses that he is dissatisfied with appointed counsel, the trial judge is under an obligation to determine the reasons for the defendant's dissatisfaction. A defendant must show either good cause or justifiable dissatisfaction with his counsel to warrant a substitution. Good cause to substitute appointed counsel includes "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict" between counsel and the client. *Wilson v Mintzes*, 761 F2d 275, 280 (CA 6, 1985). The court must balance a defendant's right to substitute appointed counsel with the public's interest in the prompt and efficient administration of justice. *Id.*

In *People v. Wilson*, 43 Mich App 459, 461-463 (1972), the defendant complained that his communication with counsel had ceased and that he was afraid to disclose names of potential alibi witnesses because he believed his attorney was working with the prosecution against him. This Court disagreed with the trial judge, who had responded to the defendant's complaints by concluding that defense counsel was competent and that the defendant had no right to appointed counsel of his choice. This Court reversed the conviction and remanded for a new trial, finding that the trial judge failed to

14

investigate the defendant's claims or to exercise his discretion:

> His conclusion that appointed counsel was competent was unresponsive to defendant's allegation regarding the inadequacy of counsel's performance and the destruction of communication and confidence between the parties ... The trial judge received timely notice of defendant's dissatisfaction with counsel and the judicial process would not have been subverted by the appointment of new counsel [43 Mich App at 462-463].

In *Wilson v. Mintzes, supra*, 761 F2d at 281-283, the Sixth Circuit found that the trial judge, after questioning defense counsel's competence and provoking counsel into acts inconsistent with his duty of loyalty to his client, acted unreasonably in failing to heed the defendant's expressions of dissatisfaction. The trial court asked the defendant twice if he was satisfied with his defense counsel, and he stated that he was not. Defense counsel also twice attempted to withdraw from the case, including once in the middle of the trial in front of the jury, and the trial judge denied his request both times. The Sixth Circuit reversed the judgment of the lower court and remanded the case back to the District Court with instructions to grant a writ of habeas corpus.

For all of the foregoing reasons, this Court should find the trial court reversibly erred in denying Petitioner's motion to withdraw his plea and remand to allow him to withdraw his plea as he requested.

## ISSUE III:  PETITIONER ARGUES THAT UNEXHAUSTION SHOULD BE EXCUSED.

## STATEMENT OF APPLICABLE CASE LAW

As for the cause prong of analysis, in *Burden v. Zant*, 510 US 132, 126 LEd2d 611, 114 SCt. 654 (1994), the Federal Court of Appeals held a lower court to have mistakenly upheld denial of habeas relief, where (1) denial was based on finding not made by federal district court, and (2) evidence supported accused's claim of ineffective assistance of counsel. *Ceja v. Stewart*, 97 F3d 1246 (9TH Cir. 1996), held multiple errors, even if harmless individually, may  entitle petitioner to habeas  relief  if their cumulative effect prejudiced defendant. **A federal habeas forum may excuse a procedural default if a fundamental miscarriage of justice will otherwise result.** *Caldwell v. Russell, 181 F3d 731* (6TH Cir. 1999).

A further exception to the exhaustion requirement exists if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981), cited in *Graves v. Romanowski,* No. 05-70485, at 3 (E.D. Mich 2005). This may be applicable for petitioner.

As for the prejudice prong of analysis, there must  reliable evidence that the petitioner was convicted but is actually innocent (factually innocent, not legally).  *See Schlup v. Delo*, 513 US 298 (1995). The petitioner believes that analysis of the facts of his conviction and sentence make a strong case for actual innocence.

### ARGUMENT

## (A) CAUSE

An appellant court is not required to dismiss habeas corpus petitions for non-exhaustion notwithstanding state's failure to raise the issue and court is not obligated to regard state's omission

16

as an absolute waiver of the claim; court should rather determine whether interests of comity and federalism will be better served by addressing merits forthwith or by requiring series of additional state and district court proceedings before reviewing merits of the prisoner's claim. 28 U.S.C.A. § 2254. This case has strong merits concerning Ineffective Assistance, directed verdict which is based on merits, Petitioner should have been sentenced, at most, to Involuntary Manslaughter-Firearm Intentionally Aimed CJI2d 16.11 see *People v. Heflin*, 434 Mich 482, 497-498, 456 NW2d 10 (1990). Petitioner would also suggest a NON OBSTANTE VEREDICTO (N.O.V.) Motion. Notwithstanding the verdict. A judgement N.O.V. is one by the trial court that reverses the determination of the jury, granted when it is obvious that the jury verdict had no reasonable support in fact or was contrary to law. In this case Petitioner argued to withdraw plea and a motion for a judgement N.O.V. provides a second chance for the trial court to render what is in effect, a directed verdict for the moving party.

## (B) PREJUDICE

An exception to the cause and prejudice standard exists when a federal habeas petitioner alleges that the constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478 (1986). That is precisely the claim set forth in the Petitioner's claim. It is for this reason that the Petitioner believes procedural default should be forgiven in this instance.

In *Williams v. Taylor, supra*, the court interpreted this particular provision and concluded that "failure" necessarily implies a lack of diligence. In other words, the court held in *Williams*, if the petitioner diligently tried to obtain an evidentiary hearing in state court but was rebuffed, an evidentiary hearing in federal court is still permissible under the AEDPA. See also *Greer v. Mitchell*, 264 F.3d 663, 680-681 (6th Cir.2001), cert den 535 U.S. 940 (2002); *McFarland v. Yukins*, 356 F.3d 688, 712-713 (6th Cir. 2004). In short, the AEDPA ban on evidentiary hearings applies only when

17

the petitioner has failed to diligently pursue opportunities to develop the factual basis in state court. This is not true in the case at hand, where the Petitioner has attempted to place the ineffective assistance of counsel on the record several times but was always rebuffed. Once more, the Petitioner believes procedural default should be forgiven in this instance.

## RELIEF REQUESTED

WHEREFORE, for the forgoing reasons, Petitioner Pearson respectfully request that this Honorable Court grant his Petition and allow him to withdraw his plea of guilty and/or reverse his conviction of Second Degree Murder and Felony Firearm to Involuntary Manslaughter-Firearm Intentionally Aimed CJI2d 16.11, also grant Petitioners Motion for Evidentiary hearing, allowing him to receive a jury trial.

Dated:

Respectfully submitted,

David D.L. Pearson

19

# CIVIL COVER SHEET FOR PRISONER CASES



| | | |
|---|---|---|
| **Case No.** 07-10780 | **Judge:** David M. Lawson | **Magistrate Judge:** Steven D. Pepe |

**Name of 1st Listed Plaintiff/Petitioner:**

DAVID PEARSON

**Name of 1st Listed Defendant/Respondent:**

JERI-ANN SHERRY

**Inmate Number:** 289212

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Straits Correctional Facility

4387 W. M-80
Kincheloe, MI 49785
CHIPPEWA COUNTY

---

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☒ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes        ☒ No
   ➢ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes        ☒ No
   ➢ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____