UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PEARSON, #289212,

    Petitioner,

v.

JERI-ANN SHERRY,

    Respondent.
_____/

CASE NO. 2:07-CV-10780
HONORABLE DAVID M. LAWSON
UNITED STATES DISTRICT JUDGE
HONORABLE STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

**Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus[1]**

**Relevant Facts and Procedural History**

In February 2002, Petitioner David Pearson pleaded guilty to one count of second-degree murder and one count of felony firearm in Wayne County Circuit Court.  On March 14, 2002, the circuit court sentenced Petitioner to 15-to-30 years in prison for second-degree murder, to be served to a consecutive two-year sentence for the felony firearm conviction.

In February 2003, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals and raised the following claim:

    I.    [Petitioner] was denied his constitutional right to effective assistance of counsel where his defense attorney failed to assist him in his attempt to withdraw his plea.

---

[1] Respondent has not yet received all of the record from the Wayne County Circuit Court.  When this material is received, it will be forwarded to this Court.

On April 21, 2003, the Court of Appeals denied Petitioner's delayed application for lack of merit in the grounds presented. (*People v Pearson*, Court of Appeals No. 246829)  Petitioner did not appeal this matter to the Michigan Supreme Court.  (See Affidavit of Corbin R. Davis)

Petitioner subsequently filed a motion for relief from judgment with the circuit court. This motion was denied on January 13, 2005.  (See opinion and order dated 1/13/05; this is part of the Court of Appeals No. 261157 material.)

In February 2005, Petitioner then filed a motion to remand and a delayed application for leave to appeal with the Court of Appeals, appealing the denial of his motion for relief from judgment.  Petitioner raised the following claim in his delayed application:

> I.   [Petitioner] suffered an actual absence of counsel at a critical stage in the proceedings when defense counsel failed to conduct any pretrial consultation with him to prepare a defense.

On September 21, 2005, the Court of Appeals denied Petitioner's motion to remand; it also denied Petitioner's delayed application "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (*People v Pearson*, Court of Appeals No. 261157)  Petitioner did not appeal this matter to the Michigan Supreme Court.  (See Affidavit of Corbin R. Davis)

On February 22, 2007 Petitioner, pursuant to 28 USC § 2254, filed a habeas petition; this petition was dated January 31, 2007.  Petitioner raises the following claims in his brief:

> I.   Petitioner suffered an actual absence of counsel at a critical stage in the proceedings when defense counsel failed to conduct any pretrial consultation with him to prepare a defense.
>
> II.  Petitioner was denied his constitutional right to effective assistance of counsel where his defense attorney failed to assist him in his attempt to withdraw his plea.  The decision to deny Petitioner's pre-sentencing motion to withdraw his plea was an abuse of discretion which has resulted in a miscarriage of justice.
>
> III. Petitioner argues that unexhaustion should be excused.

Respondent now answers the petition and requests that this Court deny habeas relief for the reasons below.  In addition, Respondent asserts any and all available defenses including failure to exhaust state court remedies, the statute of limitations, and procedural default for each claim to which it is applicable.  Respondent opposes any request for discovery, evidentiary hearings, bond, oral argument, or any other relief.

**Argument**

I. **Where the undisputed facts show that more than one year elapsed on the applicable limitations period before the filing of Petitioner's habeas petition and where Petitioner has failed to establish that his is entitled to equitable tolling, the habeas petition should be dismissed as untimely. Petitioner's habeas claims are also unexhausted, procedurally defaulted, not cognizable, or without merit.**

   A. **The undisputed facts in this case reveal an untimely filing of the habeas petition.**

Respondent submits that the facts in this case reveal that Petitioner filed his habeas claims after expiration of the Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations. AEDPA provides for a one-year statute of limitations after finalization of direct review with a properly filed collateral review tolling the limitations period:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. [28 USC § 2244(d)]

4

AEDPA governs the filing date for habeas petitions filed after the effective date of the AEDPA, April 24, 1996.  *Lindh v Murphy*, 521 US 320, 336 (1997).  The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction review or equitably by the court under limited circumstances.

Where a petitioner appeals to the Michigan Supreme Court his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. That time is 90 days after the decision.  Under Rule 13 of the Supreme Court Rules a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."   The one-year habeas statute of limitations commences running at that time.  *Bronaugh v Ohio*, 235 F3d 280, 283 (CA 6, 2000) (under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired.)

A petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of MCR 6.500 et. seq.  A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application.  But tolling is effective only when collateral review is properly sought within the limitations period.  This means a petitioner must file the proper documents pleading available grounds for relief within the proper time.  "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v Bennett*, 531 US 4, 8 (2000).

The United States Supreme Court held that, after completion of state court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the

United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v Florida*, 2007 US LEXIS 1334 (decided February 20, 2007).

Where the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run." *Smith v McGinnis*, 208 F2d 13, 17 (CA 2, 2000). See also *Neal v Bock*, 137 F Supp 2d 879, 884 (ED Mich 2001). This is because there is no remaining period to be tolled. *Smith v Stegall*, 141 F Supp 2d 779, 782-783 (ED Mich 2001).

The Supreme Court has not yet decided whether the statute of limitations for habeas actions is subject to equitable tolling. *Pace v DeGuglielmo*, 544 US 408, 418 n. 8 (2005). Most circuits, including the Sixth Circuit Court of Appeals, have held that equitable tolling does apply. *Dunlap v United States*, 250 F3d 1001, 1007 (CA 6, 2001). The applicability of equitable tolling on grounds of actual innocence is likewise undecided by the Supreme Court, but now recognized by the Sixth Circuit. *Souter v Jones*, 395 F3d 577, 599 (CA 6, 2005). Although the Supreme Court has not considered the question of equitable tolling in habeas cases, the Supreme Court has determined that, if equitable tolling is available in habeas challenges to state court convictions, a litigant must show 1) that he has been pursuing his rights diligently and 2) that some extraordinary circumstance stood in his way. *Pace*, 544 US at 418. In *Pace*, the Court assumed the availability of equitable tolling because the parties did not argue the point. Because the petitioner in that case "sat on his rights" for years before approaching the Federal Court, the

Court concluded that "petitioner's lack of diligence precludes equity's operation." *Pace,* 544 US at 419.[2]

In *Dunlap*, the Sixth Circuit noted that a court determines whether to equitably toll AEDPA's statute of limitations using the five-factor test set forth in *Andrews v Orr*, 851 F2d 146, 151 (CA 6, 1988). *Dunlap*, 250 F3d at 1010. A court considers: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F3d at 1008. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Griffin v Rogers*, 308 F3d 647, 653 (CA 6, 2002) and equitable tolling should only be granted "sparingly." *Cook v Stegall*, 295 F3d 517, 521 (CA 6, 2002). Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Sperling v White,* 30 F Supp 2d 1246, 1254 (CD Cal 1998); *Allen v Yukins*, 366 F3d 396, 403 (CA 6, 2004), quoting *Rose v Dole*, 945 F2d 1331, 1335 (CA 6, 1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *Cobas v Burgess*, 311 F3d 441, 444 (CA 6, 2002)(Inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations).

In *Souter*, the Sixth Circuit Court of Appeals determined that the statute of limitations may be equitably tolled based on a habeas petitioner's credible claim of actual innocence. *Souter*, 395 F3d at 589-590. The *Souter* court, relying on *Schlup v Delo*, 513 US 298 (1995) stated that:

---

[2] Several Courts of Appeals that have considered the question have also concluded that actual innocence claims offered in an effort to excuse noncompliance with the statute of limitations are subject to the requirement of diligence. *Flanders v Graves*, 299 F3d 974, 978 (CA 8, 2002); *Gildon v Bowen*, 384 F3d 883, 887 (CA 7, 2004); *Diaz v Cosby*, 362 F3d 698, 702 (CA 11, 2004).

> [W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims. *Souter*, 395 F3d at 602.

However, to avail himself of that rule, a petitioner must establish actual innocence under the stringent rule of *Schlup,* by coming forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Souter*, 395 F3d at 590, quoting *Schlup*, 513 US at 324, and, as noted above, which shows that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  "[A]ctual innocence means factual innocence, not mere legal insufficiency."  *Souter*, 395 F3d at 590, quoting *Bousley v United States*, 523 US 614, 623 (1998).  Also, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F3d at 590, quoting *Schlup*, 513 US at 321.

As noted above, Petitioner here pleaded guilty to one count of second-degree murder and one count of felony firearm in Wayne County Circuit Court in February 2002.  On March 14, 2002, the circuit court sentenced Petitioner to 15-to-30 years in prison for second-degree murder, to be served to a consecutive two-year sentence for the felony firearm conviction.

In February 2003, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals.  On April 21, 2003, the Court of Appeals denied Petitioner's delayed application for lack of merit in the grounds presented.  (*People v Pearson*, Court of Appeals No. 246829)  Petitioner did not appeal this matter to the Michigan Supreme Court.  (See Affidavit of Corbin R. Davis)

Petitioner subsequently filed a motion for relief from judgment with the circuit court. This motion was denied on January 13, 2005.

8

In February 2005, Petitioner filed a motion to remand and a delayed application for leave to appeal with the Court of Appeals, appealing the denial of his motion for relief from judgment. On September 21, 2005, the Court of Appeals denied Petitioner's motion to remand; it also denied Petitioner's delayed application "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (*People v Pearson*, Court of Appeals No. 261157) Petitioner did not appeal this matter to the Michigan Supreme Court. (See Affidavit of Corbin R. Davis)

On February 22, 2007 Petitioner, pursuant to 28 USC § 2254, filed a habeas petition; this petition was dated January 31, 2007.

Here, the petition does not allege that the state created an impediment to filing the petition, and does not rely on any new constitutional rule or on any newly discovered factual predicate. § 2244(d)(1)(B), (C), and (D). Accordingly, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d)(1)(A) constitutes the applicable latest date from which the period of limitations ran. § 2244(d)(2) states that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In this case, the conclusion of direct review or the expiration of the time for seeking such review was June 16, 2003—56 days after the Michigan Court of Appeals issued its unpublished opinion on April 21, 2003. Since this date is after the enactment of AEDPA, the period of limitations for Petitioner to commence his habeas action (or, to instead properly file an application for state post-conviction or other collateral review, which would toll the one year statute of limitations period) expired on June 16, 2004.

Petitioner filed a motion for relief from judgment with the circuit court but it is not clear from the state appellate court record or from the habeas petition when this motion was filed.[3] The circuit court denied this motion on January 13, 2005 and the Michigan Court of Appeals denied Petitioner's delayed application on September 21, 2005.  Regardless of when the motion was filed, however, the habeas petition is still untimely because over one year had passed between the Michigan Court of Appeals' denial of post-conviction relief and the filing of the habeas petition, which was dated January 31, 2007.  Petitioner even acknowledges that his habeas petition is untimely.  (See petition, "Exhaustion and Statute of Limitations" section)

**B.      Petitioner has failed to establish that he is entitled to equitable tolling.**

Petitioner here is not entitled to equitable tolling in this case, under either *Dunlap* or *Souter*.  Petitioner has failed to establish that he was not aware of the filing requirement regarding his habeas action.  Petitioner has also failed to establish that he diligently pursued his rights regarding his habeas petition.  Regarding prejudice to Respondent, the Sixth Circuit Court of Appeals has held that the "absence of prejudice factor is a factor to be considered only after a factor that might justify tolling is identified."  *Allen v Yukins*, 366 F3d 396, 401-402 (CA 6, 2004), citing *Vromin v Brigano*, 346 F3d 598, 605 (CA 6, 2003).  Because Petitioner has failed to demonstrate the existence of a factor that justified tolling in this case, any alleged lack of prejudice may not be considered.  Petitioner is also not entitled to equitable tolling under *Souter*, as he has neither alleged nor met the stringent standard for establishing a credible claim of actual innocence.  Respondent respectfully asks this Court to dismiss the petition for failure to comply with the statute of limitations.

---

[3] If Petitioner's motion for relief from judgment was filed after June 16, 2004, the motion would be untimely.  An untimely motion does not toll or re-start the statute of limitations.

## C. Petitioner's habeas claims are unexhausted and procedurally defaulted.

In addition to having failed to comply with the statute of limitations, Petitioner has failed to exhaust his habeas claims.

A federal habeas petitioner, imprisoned by virtue of a state conviction, must fairly present the substance of each federal constitutional claim to the state appellate courts prior to raising the claim in a federal habeas petition. 28 USC § 2254(b); *Picard v Connor*, 404 US 270, 275-278 (1971). "Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system." *Hafley v Sowders*, 902 F2d 480, 482 (CA 6, 1990).

A Michigan prisoner challenging confinement by virtue of a Michigan conviction must raise each habeas issue in the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas relief. *Domkowski v Johnson*, 488 F2d 68, 70 (CA 6, 1973); *Hafley*, 902 F2d at 483. The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather v Rees*, 822 F2d 1418, 1420, n 3 (CA 6, 1987).

Petitioner here has not satisfied the exhaustion requirement here because his habeas claims were never presented to the Michigan Supreme Court. Petitioner never appealed the issues he raised in Michigan Court of Appeals docket numbers 246829 and 261157 to the Michigan Supreme Court. Moreover, Petitioner raises new claims for the first time in his habeas action. On direct appeal and in his motion for relief from judgment, Petitioner alleged ineffective assistance of counsel. In his habeas petition, Petitioner adds new claims alleging various errors by circuit court, and new allegations of ineffective assistance of counsel. These

11

claims were not properly presented to the state appellate courts prior to being raised in the habeas petition.

Because it appears that Petitioner no longer has a state procedure available to him to properly exhaust his claims, then the claims are also considered procedurally defaulted. Petitioner filed a motion for relief from judgment and is now prohibited from bringing a second motion for relief from judgment in the state courts and raising his claims. MCR 6.502(G). Therefore, Petitioner's claims are procedurally defaulted and barred from federal habeas review.

A federal habeas petitioner who fails to comply with a state's procedural rules waives his right to federal habeas review absent a showing of "cause for noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation" or some showing of a fundamental miscarriage of justice. *Gravely v Mills*, 87 F3d 779, 784-785 (CA 6, 1996).

In this case, while Petitioner makes general arguments in his third habeas claim that his defaulted claims should be excused, Petitioner has failed to establish the requisite cause and prejudice to excuse his procedural default and he has failed to show that a miscarriage of justice[4]

---

[4] A petitioner may overcome a procedural default in the absence of "cause and prejudice" upon a showing of actual innocence. *Lott v Coyle*, 261 F3d 594, 620 (CA 6, 2001), citing *Schlup v Delo*, 513 US 298, 314-315 (1995), and *Herrera v Collins*, 506 US 390, 417 (1993). The fundamental miscarriage of justice exception applies in the *extraordinary* case where the habeas petitioner demonstrates that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v Haley*, 541 US 386, 388 (2004); *Murray v Carrier*, 477 US 478, 496 (1986)(Emphasis added) "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v United States*, 523 US 614, 623 (1998). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 US at 324. "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 US at 327. In other words, the petitioner must show "that more likely than not any reasonable juror would have reasonable doubt." *House v Bell*, 126 S Ct 2064, 2077 (2006). Petitioner has presented no new reliable evidence of actual innocence here.

will result if his claims are not reviewed. Therefore, federal habeas review of his claims should be precluded.

### D. Petitioner's claims are also procedurally defaulted in another way, not cognizable, and without merit.

Even if this Court considers Petitioner's claims, Petitioner is not entitled to habeas relief. Petitioner's first habeas claim is procedurally defaulted in another way: Petitioner raised this claim for the first time in his motion for relief from judgment, not in his direct appeal. The Michigan Court of Appeals then denied Petitioner's delayed application for leave to appeal the denial of his motion for failure to establish grounds for relief pursuant to MCR 6.508(D). (*People v Pearson*, Court of Appeals No. 261157)

For a claim to be procedurally defaulted on the basis of a state procedural rule the petitioner must have violated a procedural rule and the state court must have also based its decision on the procedural default. *Simpson v Jones*, 238 F3d 399 (CA 6, 2000). If a state prisoner defaults his federal claims in state court in a decision based on an independent and adequate state procedural rule, those claims cannot be reviewed in a habeas proceeding. *Coe v Bell*, 161 F3d 320 (CA 6, 1998). In order for the procedural default doctrine to apply, the last state court rendering a judgment in the case must have based its judgment on the procedural default. *Ylst v Nunnemaker*, 501 US 797, 803 (1991).

Here, the Michigan Court of Appeals, the last state court rendering a judgment in the case, based its decision to deny Petitioner's applications for leave to appeal the circuit court's denial of his motion for relief from judgment on Petitioner's failure to comply with MCR 6.508(D).[5] While the judgment was brief, it was based on an independent and adequate state

---

[5] MCR 6.508(D) form order is invocation of procedural default. *Luberda v Trippett*, 211 F3d 1004 (CA 6, 2000).

procedural rule: Petitioner's procedural default of failing to raise his claim in his appeal of right. Since the Michigan Court of Appeals was the last state court rendering judgment in this case, its decision denying Petitioner's claim on the basis of a state procedural bar prevents federal habeas review. *Simpson,* 238 F3d at 407.

Because Petitioner has failed to establish the requisite cause and prejudice to excuse this default, or show a fundamental miscarriage of justice, review of Petitioner's claim should be precluded.

To the extent that Petitioner alleges a violation of the Michigan Constitution or Michigan law in his habeas claims, such claims are not cognizable upon federal habeas review. A federal habeas court may only grant habeas relief to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States" 28 USC 2241(c)(3); 28 USC 2254(a), and habeas relief may not be based upon perceived error of state law. *Gilmore v Taylor*, 508 US 333 (1993); *Estelle v McGuire*, 502 US 62 (1991); *Lewis v Jeffers*, 497 US 764 (1990); *Smith v Phillips*, 455 US 209 (1982).

To the extent that Petitioner alleges a violation of his federal constitutional rights, Petitioner's first habeas claim is without merit for the more-detailed reasons set forth by the circuit court in denying Petitioner's motion for relief from judgment. (See opinion and order dated 1/13/05). In addition, a review of the plea and sentencing transcripts do not support Petitioner's claim. (See plea transcript dated 2/25/02 and sentence transcript dated 3/14/02)

Moreover, some of Petitioner's claims are barred by virtue of his guilty plea. "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v United States*, 394 US 459, 466 (1969). Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *United States v Broce*, 488 US 563, 569 (1989). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty

plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v Henderson*, 411 US 258, 266 (1973).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett*, 411 US at 267.

Here, the plea transcript clearly reveals that Petitioner's guilty pleas were voluntary and knowing.[6] The complete plea agreement was placed on the record. Petitioner stated that he discussed the charges and sentence consequences with his attorney; that he heard the plea and sentence agreement; that he had an opportunity to consult with his attorney; and that he accepted the plea and sentence agreement. Petitioner further understood that by pleading guilty, he would not have a trial or the rights associated with having a trial. Petitioner said that no one had forced

---

[6] A guilty plea must be voluntarily and knowingly made in order to satisfy the dictates of due process. The defendant must be aware of the "relevant circumstances and likely consequences." *Hart v Marion Corr Inst.*, 927 F2d 256, 257 (CA 6, 1991); *King v Dutton*, 17 F3d 151, 153 (CA 6, 1994) (citing *Boykin v Alabama*, 395 US 238 (1969). In general, this means that he must be aware of the maximum sentence that may be imposed. *King,* 17 F3d at 154. Further, the "agents of the State may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Brady v United States*, 397 US 742 (1970). In other words, "a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Chizen v Hunter*, 809 F2d 560, 561 (CA 9, 1986)(citing *Machibroda v United States*, 368 US 487, 493 (1962)). When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary plea by producing a written transcript of the state court proceeding. *Garcia v Johnson*, 991 F2d 324, 326 (CA 6, 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Garcia,* 991 F2d at 326-327. A satisfactory state court transcript containing findings, after a proper colloquy, places upon the petitioner a "heavy burden" to overturn the state findings. *Garcia,* 991 F2d at 328. See also *Ramos v Rogers*, 170 F3d 560, 564 (CA 6, 1999)( If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do. . . . Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.)(internal quotations omitted)

or coerced him to plead, or promised him anything other than what was stated on the record. Petitioner acknowledged that his signature was on the pretrial settlement offer and notice of acceptance form. Petitioner did not have any questions about that form or the proceedings before the court. A factual basis for the plea was then taken by the court. The court determined that the plea was freely, voluntarily, and understandingly made without threat or promise. (See plea transcript dated 2/25/02) The circuit court's finding that Petitioner's plea was freely, voluntarily, and understandingly made, and that defense counsel was not ineffective, should be given deference.

Prior to sentencing, Petitioner alleged that he wished to withdraw his plea. Defense counsel responded to Petitioner's claims. Following all of the comments, the circuit court determined that there was nothing to indicate that Petitioner's pleas were not freely, voluntarily, and understandingly made without threat or promise. (See sentence transcript dated 3/14/02) This finding by the circuit court should be given deference as it is supported by the record.[7]

To the extent that Petitioner alleges that his attorney was ineffective, this claim is without merit. The two-part test announced in *Strickland v Washington*, 466 US 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v Lockhart*, 474 US 52, 59 (1985). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 US

---

[7] The circuit court's factual determination that Petitioner's plea was voluntary and knowing is entitled to a presumption of correctness, *Gilliam v Mitchell*, 179 F3d 990 (CA 6, 1999), and must be given deference in a federal habeas proceeding if supported by the evidence. *Norris v Schotten*, 146 F3d 314 (CA 6, 1998). Since Petitioner has failed to rebut the presumption of correctness give to the state court's factual determinations by clear and convincing evidence as required by 28 USC § 2254(e)(1), and since the record supports the state court's factual findings, such findings must be given deference. Because Petitioner has failed to establish that his plea was not voluntary and knowing, he should be denied habeas relief on this issue.

at 59.[8]  The second, or "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill*, 474 US at 59.

Petitioner here has failed to show either deficient performance by counsel or the requisite prejudice.  The comments made by defense counsel prior to sentencing reveal that defense counsel's conduct did not fell outside of the wide range of reasonable professional assistance and that, but for counsel's alleged errors, there is a reasonable probability that Petitioner would not have pleaded guilty and would have insisted on going to trial.  As a habitual offender, Petitioner was facing serious charges and an extremely long sentence if convicted.  Defense counsel also noted that there were witnesses that would have identified Petitioner as the shooter.  Petitioner knew what he was doing when he entered into his plea and sentence agreement.  Petitioner certainly received a benefit by entering his plea and suffered no prejudice as a result of his attorney's advice.  Petitioner has failed to show either that his attorney's advice was deficient or that there was a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial.  Therefore, he cannot prevail on his ineffective assistance of counsel claim.

To the extent that Petitioner claims that the circuit court should have allowed him to withdraw his plea, this claim is not cognizable upon federal habeas review.  There is no federal

---

[8] A reviewing court presumes that counsel is competent and the burden is on the petitioner to demonstrate a constitutional violation.  *United States v Pierce*, 62 F3d at 833 (citing *United States v Cronic*, 466 US 648, 658 (1984)).  A strong presumption of correctness exists that counsel's conduct was within the wide range of reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis distorting effects of hindsight.  *Strickland,* 466 US at 688-689.

constitutional right that requires a state court to allow a defendant to withdraw a voluntary and intelligent guilty plea. *Carwile v Smith*, 874 F2d 382, 385-386 (CA 6, 1989). To the extent that Petitioner claims he should have been allowed to withdraw his plea because it was neither voluntary nor intelligent, his claim is without merit for the reasons stated above.

     Finally, Petitioner has failed to show that the circuit court in not appointing him new counsel violated Petitioner's constitutional rights.

**Relief Sought**

Respondent respectfully requests that this Honorable Court dismiss Petitioner's habeas action for failure to comply with the statute of limitations or deny Petitioner habeas relief for the reasons noted above.

                                      Respectfully submitted,

                                      MICHAEL A. COX
                                      ATTORNEY GENERAL

                                      s/<u>Raina Korbakis</u>

                                      Assistant Attorney General
                                      Attorney for Respondent
                                      Appellate Division
                                      P.O. Box 30217
                                      Lansing, MI  48913
                                      (517) 373-4875
                                      korbakisr@michigan.gov
                                      (P49467)

Dated:  February 15, 2008
2007021214A/Pearson  Answer

**Certificate of Service**

I hereby certify that on February 15, 2008, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Honorable David M. Lawson

and I hereby certify that Kimberly S. DeLashmit has mailed by United States Postal Service the papers to the following non-ECF participant:

    289212 David Pearson
    Straits Correctional Faciltiy
    4387 West M-80
    Kincheloe MI  49785

    Honorable David M. Lawson

                                    MICHAEL A. COX
                                    Attorney General


                                    s/ Raina Korbakis
                                    Assistant Attorney General
                                    Appellate Division
                                    P.O. Box 30217
                                    Lansing, Michigan 48913
                                    (517) 373-4875
                                    korbakisr@michigan.gov
                                    (P49467)