UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PEARSON, #289212,

                          Petitioner,                    Case No. 07-10780

vs.                                                      DISTRICT JUDGE DAVID M. LAWSON
                                                         MAGISTRATE JUDGE STEVEN D. PEPE

JERI-ANN SHERRY,

                          Respondent.
_____/

### REPORT AND RECOMMENDATION

On February 22, 2007, Petitioner filed his habeas petition under 28 U.S.C. § 2254 challenging his conviction and sentence (Dkt. #1). Respondent subsequently filed a motion to dismiss this action for Petitioner's failure to comply with the statute of limitations, 28 U.S.C. § 2244(d) (Dkt. #10), which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)(Dkt. #12). For the reasons stated below, it is RECOMMENDED that Respondent's motion be GRANTED and Petitioner's petition be dismissed with prejudice.

I.     BACKGROUND FACTS

In this case, Petitioner pleaded guilty to one count of second-degree murder and one count of felony firearm in Wayne County Circuit Court. On March 14, 2002, he was sentenced to 15 to 30 years for second-degree murder, to be served consecutive to a two-year sentence for the felony firearm conviction. In February 2003, Petitioner filed a delayed application for leave

to appeal in the Michigan Court of Appeals that was denied on April 21, 2003[1] (Dkt. #11, Exhibit #4).  Petitioner did not appeal this matter to the Michigan Supreme Court (Dkt. #11, Exhibit #6).

Subsequently, Petitioner filed a motion for relief from judgment with the trial court.  This motion was denied on January 13, 2005.  In February 2005, Petitioner then filed a motion to remand and a delayed application for leave to appeal in the Michigan Court of Appeals.  On September 21, 2005, the Court of Appeals issued an order denying both the motion to remand and the delayed application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)" (Dkt. #11, Exhibit #5).  Petitioner did not appeal this matter to the Michigan Supreme Court (Dkt. #11, Exhibit #6).

Under MCR 7.302(C)(2), the April 21, 2003, Court of Appeals judgment in *People v Pearson* became final 56 days later, on June 16, 2003.  The statute of limitations expired one year later on June 16, 2004.  As noted below, while collateral review will toll the one-year statue of limitations, it does not reset the time period.

In his habeas petition, Petitioner claims that he suffered an actual absence of counsel at a critical stage in the proceedings when defense counsel failed to conduct any pretrial consultation, culminating in an inability to withdraw his plea; he was denied his constitutional right to effective assistance of counsel where his defense attorney failed to assist him in his attempt to withdraw his plea; and lack of exhaustion should be excused.  These claims do not appear to be based on newly recognized constitutional rights or newly discovered evidence demonstrating

---

[1] In his application, Petitioner raised the claim that he was denied his constitutional right to effective assistance of counsel where his defense attorney failed to assist him in his attempt to withdraw his plea.

2

actual innocence.

## II.   ANALYSIS

### A.   Legal Standards

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which

relief can be granted."  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as

a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint

is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's

motion to dismiss, a judge must accept as true all of the factual allegations contained in the

complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007),

*Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

### B.   Factual Analysis

### 1.   Timely Filing of Petition

The Antiterrorism and Effective Death Penalty Act of 1996, Pub L No 104-132, 110 Stat

1214 ("AEDPA") applies to all habeas petitions filed after April 24, 1996, the effective date of

the Act.  As amended by the AEDPA, 28 U.S.C § 2244(d) states:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction review or equitably by the court under certain circumstances.  Yet, as the Sixth Circuit explained in *Payton v Brigano*, 256 F.3d 405, 408-409 (6th Cir. 2001), application for post-conviction or collateral review serves only to toll the statute of limitations, it does not reset it or create a new date from which the statute begins to run:

Section 2244(d)(1)(A) provides that the statute of limitations begins to run from "the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review." 2244(d)(1)(A) (emphasis added). By contrast, the tolling provision, 2244(d)(2), specifically references "properly filed applications for State post-conviction or other collateral review." 2244(d)(2). As the district court observed: "The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations. 2244(d)(2)." In short, the statute makes a clear distinction between the conclusion of direct appeals and post-conviction relief.

This Court can take judicial notice that the Court of Appeals judgment in *People v Pearson*, April 21, 2003, became final 56 days later on June 16, 2003, with no leave to appeal to the Michigan Supreme Court having been sought.  It is unclear from the record when Petitioner filed his motion for relief from judgment with the trial court.  Even assuming that Petitioner filed the motion the day after the Court of Appeals judgment became final, thus tolling the statute of

4

limitations under the AEDPA, he would have had 365 days after the Court of Appeals denied his motion for collateral review. The Court of Appeals denied his motion to remand on September 21, 2005, and this judgment became final 56 days later on November 16, 2005. The statute of limitations for § 2254 review began running again on this date, and expired 365 days later, on November 15, 2006. Petitioner filed his habeas petition dated January 31, 2007, thus it is not timely filed.

## 2.   Equitable Tolling of the Statute of Limitations

Even if a habeas petition is determined to be time-barred, the Sixth Circuit has held equitable tolling can apply. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). In *Dunlap*, the Sixth Circuit noted that a court determines whether to equitably toll the AEDPA statute of limitations using the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). *Dunlap*, 250 F.3d at 1010. A court considers: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008. The Sixth Circuit has also held that equitable tolling is appropriate on a credible showing of actual innocence. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The petitioner bears the ultimate burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner did not put forth any arguments for why equitable tolling should be applied in this case. Therefore, Petitioner did not meet his burden under *Griffin* and the statute of

5

limitations under the AEDPA is not tolled.

### 3.    Exhaustion of State Remedies

Regardless of the statute of limitations under the AEDPA, Petitioner has also failed to exhaust his state remedies.  Before a state prisoner may challenge the constitutionality of his state court conviction by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, the state prisoner must first exhaust available state court remedies by presenting his claims to the state courts, to provide them with an opportunity to remedy any constitutional infirmities in his conviction.  28 U.S.C. § 2254(b) and (c); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal review of the conviction.  *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

A federal habeas petitioner who fails to comply with a state's procedural rules waives his right to federal habeas review absent a showing of "cause for non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation."  *Gravley v. Mills*, 87 F.3d 779, 784-785 (6th Cir. 1996).  Here, Petitioner has failed to address causation for his non-compliance, and instead admits to it (Dkt. #1, p. 19).

Alternatively, Petitioner may overcome a procedural default in the absence of "cause and prejudice" upon a showing of actual innocence.  *Lott v. Coyle*, 261 F.3d 594, 620 (6th Cir. 2001), citing *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), and *Herrera v. Collins*, 506 U.S. 390, 417 (1993).  The fundamental miscarriage of justice exception applies only in cases where the habeas petitioner demonstrates that the alleged constitutional error resulted in the conviction of one who

is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386 (2004). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. In other words, the petitioner must show "that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). Here, Petitioner does not meet the new evidence standard set forth in *Schlup*, and in fact, presents no new evidence at all that would indicate his innocence.

## III.    RECOMMENDATION

For the reasons indicated above, it is **RECOMMENDED** that Respondent's motion to dismiss be **GRANTED** and this petition be dismissed with prejudice. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.

*Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Steven D. Pepe
United States Magistrate Judge

Dated:  April 15, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 15, 2009.


s/V. Sims
Case Manager